**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| GARY THOMAS DETHLEFS, : | |
| : | |
| Petitioner, : | Civil No. 06-0807 (JBS) |
| : | |
| v. : | |
| : | |
| CHARLES SAMUELS, WARDEN : | **O P I N I O N** |
| : | |
| et al., : | |
| : | |
| Respondents. : | |

---

**APPEARANCES:**

> GARY THOMAS DETHLEFS, pro se,
> #20177-038
> F.C.I Fort Dix
> Fort Dix, New Jersey 08640

**JEROME B. SIMANDLE,** District Judge

Petitioner GARY THOMAS DETHLEFS (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition").[1]

On April 12, 1999, Petitioner was convicted by the United States District Court for the District of Maine, see Pet. §§ 1-5, and consequently appealed his conviction to the United States Court of Appeals for the First Circuit on the date unspecified by

---

[1]     Petitioner applied for but was denied in forma pauperis status. See Dethlefs v. Samuels et. al., 1:06-cv-00807-JBS, Docket No. 2 (March 1, 2006).

Petitioner.[2]  See id. § 7.  Petitioner did not file a motion under 28 U.S.C. § 2255.[3]

_____

[2]
    Although Petitioner's Petition is silent as to the outcome of Petitioner's appeal to the First Circuit, see Pet. § 7, this Court presumes that the United States Court of Appeals for the First Circuit affirmed the decision of the district court since Petitioner challenges that very decision in the action at hand.

[3]
    Petitioner's period of limitations to file a § 2255 motion expired one year and ninety days after the decision by the First Circuit was rendered.   Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, Title I, § 105, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.
    Having no information as to the date of the First Circuit's decision, this Court cannot speculate when this decision was rendered.  However, in view of Petitioner's filing of § 2241 application rather than a § 2255 one, this Court presumes that Petitioner's limitations period to file a § 2255 application expired prior to filing of this action.  It appears that Petitioner justifies his failure to file a § 2255 motion by stating that "[i]f the sentencing court had any intent to correct its errors[,] . . .
(continued...)

Petitioner now (1) challenges his conviction and sentence under various provisions and holdings, including the holding reached by the Supreme Court of the United States in <u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>see</u> <u>id.</u> at 3 ("[Petitioner] is detained [in] violation of Article I § Bill of Attainder [sic.], . . . Amendments Five and denial of jury findings . . . causing imprisonment illegal . . . . Petitioner is entitled to immediate release"), <u>see</u> <u>also</u> Mem. 2 (discussing the <u>Booker</u> aspect of Petitioner's challenge); and (2) asserts violation of Petitioner's civil rights. <u>See</u> <u>id</u>. ("Applicant reserves all rights that relate or found this application under the belief that such are best reserved due to not having access to legal reference materials in prison on par with those answering this application").

<u>**DISCUSSION**</u>

**A.    Limitations of § 2241**

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

---

[3](...continued)
it would have done so." Pet. at 4.

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of

the petitioner's detention.[4]  <u>See</u> 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; <u>see</u> <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536 (3d Cir. 2002); <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997); <u>Millan-Diaz v. Parker</u>, 444 F.2d 95 (3d Cir. 1971); <u>Application of Galante</u>, 437 F.2d 1164 (3d Cir. 1971) (per curiam); <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  <u>Cradle</u>, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is

---

[4]
    The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  <u>Swain v. Pressley</u>, 430 U.S. 372, 381 (1977).

5

determinative." <u>Id.</u>   "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.   The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." <u>Id.</u> at 539.

In <u>In re Dorsainvil</u>, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[5] The Third Circuit first determined that Dorsainvil could not raise the <u>Bailey</u> claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. However, the court held that, in this narrow situation where Dorsainvil had no other opportunity to raise the claim, § 2255 was inadequate and ineffective.   The Court reasoned:

---

[5]    Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in <u>Bailey v. United States</u>, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.   The Supreme Court later ruled that the court's interpretation of the statute in <u>Bailey</u> applied retroactively under § 2255 to convictions that were final.   <u>See</u> " <u>Bousley v. United States</u>, 523 U.S. 614 (1998).   "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" <u>Id.</u> at 620 (1998) (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)).

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of § 924(c)(1) before the <u>Bailey</u> decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in [<u>Davis v. United States</u>, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of [Dorsainvil's] detention.

<u>Dorsainvil</u>, 119 F.3d at 251 (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. *However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.*

7

Dorsainvil at 251 (emphasis supplied).[6]

**B.   Petitioner's Challenge of His Conviction**

Turning to the case at bar, Petitioner argues that his conviction and sentence are unconstitutional under Booker and other various provisions.[7]  It is clear that this claim is within the scope of claims that are cognizable under § 2255.  Therefore, this

---

[6]

Several courts of appeals have adopted similar tests.  See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

[7]

It appears that Petitioner conflates his challenges with respect to his conviction and his sentence.  See generally, Mem.

Court lacks jurisdiction under § 2241 to entertain Petitioner's claim unless § 2255 is inadequate or ineffective for him to raise it.

Section 2255 provides, in pertinent parts, that

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Thus, aside of the <u>Booker</u> aspect, Section 2255 is an adequate and effective mechanism for a prisoner to challenge his conviction and/or sentence. Although the <u>Booker</u> aspect presents a limited exception to the rule, this exception is not applicable to the case at bar for the following reasons.

<u>Booker</u> evolved from the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).[8]   In <u>Apprendi</u>, the Supreme

_____

[8]   The <u>Booker</u> Court traced the evolution of its holding from <u>Apprendi</u> and its progeny, <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), and <u>Blakely</u>.   In <u>Ring</u>, the Court held that imposition of the death penalty under Arizona law violated <u>Apprendi</u> because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty.   <u>Ring</u>, 536 U.S. at 602.   In <u>Blakely</u>, the Court determined that application of Washington's sentencing guidelines violated the defendant's rights under <u>Apprendi</u> because "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the*
(continued...)

Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law.  The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (*other than prior conviction*) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6, emphasis supplied).  In Booker, the Supreme Court determined that, for reasons explained in Apprendi, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 542 U.S. 296 (2004), application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

Although Booker is a change of law announced after Petitioner's conviction became final, Petitioner cannot rely on the holding of Booker in a § 2255 motion because Booker has not been made retroactive to cases on collateral review by the Supreme

---

[8](...continued)
*defendant*." Blakely, 124 S.Ct. at 2537 (emphasis in original).

Court.[9]  See In re Olopade, 403 F.3d 159 (3d Cir. 2005); see also Tyler v. Cain, 533 U.S. 656 (2001); In re Turner, 267 F.3d 225 (3d Cir. 2001).  However, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise his claim.

Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." In re Cradle, 290 F.3d at 539.  Moreover, § 2255 is not inadequate or ineffective for a prisoner like Petitioner to raise a Booker-type of claim, even where he had no earlier opportunity to raise the claim because Booker was not decided until after his conviction became final.  See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  As the Third Circuit reasoned in Okereke:

> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our In re Dorsainvil

---

[9]

In 1996 Congress amended § 2255 to severely limit the filing of second or successive motions under § 2255.  As amended, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, ¶ 8.

decision, § 2255 was not inadequate or ineffective for Okereke to raise his <u>Apprendi</u> argument.

<u>Okereke</u>, 307 F.3d at 120-21.

Since § 2255 is not an inadequate or ineffective procedural mechanism for Petitioner to raise his <u>Booker</u>-related and <u>Booker</u>-unrelated challenges to his conviction and/or sentence, <u>see</u> <u>Silvestre v. Yost</u>, 2005 WL 3196600 *2 (3d Cir. Nov. 30, 2005) (affirming dismissal of § 2241 petition for lack of jurisdiction because § 2255 is not inadequate or ineffective for <u>Booker</u> claim); <u>Goldberg v. Bonaforte</u>, 2005 WL 1491220 (3d Cir. June 24, 2005); <u>Okereke</u>, 307 F.3d at 120-21, this Court lacks jurisdiction to entertain Petitioner's challenges to his sentence and conviction under § 2241[10] and, therefore, dismisses these claims without prejudice for the purposes of Petitioner seeking leave to file his § 2255 motion with the sentencing court.

---

[10]
    Even if this Court had jurisdiction to entertain Petitioner's claim, he could not prevail because the United States Court of Appeals for the Third Circuit has held that <u>Booker</u> does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date <u>Booker</u> issued. <u>See</u> <u>Warren v. Kyler</u>, 422 F.3d 132 (3d Cir. 2005) (<u>Booker</u> is not applicable retroactively to cases on collateral review under § 2254); <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005) (<u>Booker</u> does not apply retroactively under § 2255); <u>see also</u> <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519 (2004) (because <u>Ring</u> is a new procedural rule, it does not apply retroactively under § 2255 to cases final on direct review); <u>United States v. Jenkins</u>, 333 F.3d 151, 154 (3d Cir. 2003) (<u>Apprendi</u> does not apply retroactively to first § 2255 motions because "[i]ts application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable doubt").

**C.   Petitioner's Civil Rights Challenge**

Petitioner asserts that the officials at Petitioner's current place of confinement are preventing Petitioner from due access to the courts.  While prisoners possess the constitutional right of meaningful access to the courts, see Bounds v. Smith, 430 U.S. 817, 821 (1977), a prisoner's claims challenging his ability to gain access to the courts is a challenge to his conditions of confinement and, therefore, should be brought as a civil rights action under 42 U.S.C. § 1983 or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), rather than a petition for a writ of habeas corpus.  See Lewis v. Casey, 518 U.S. 343 (1996); Lehn v. Holmes, 364 F.3d 862 (7th Cir. 2004); Ortloff v. United States, 335 F.3d 652 (7th Cir. 2003).

Consequently, this Court dismisses Petitioner's claim with respect to his condition of confinement without prejudice for the purposes of filing a § 1983 complaint.[11]

---

[11] Petitioner is reminded that, with respect to any 42 U.S.C. § 1983 action, "[t]he clerk of each district court shall require the parties instituting any civil action . . . in such court . . . to pay a filing fee of $350 . . . ."  28 U.S.C. § 1914(a).  The filing fee requirement of $350.00 took effect on April 9, 2006.

## CONCLUSION

Petitioner is not entitled to relief under 28 U.S.C. § 2241 and the Court dismisses his Petition without prejudice.


 s/ Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge

Dated:  **May 17, 2006**

14