**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

GARY THOMAS DETHLEFS,

        Petitioner,        Civil No. 06-0807 (JBS)

    v.

CHARLES SAMUELS, WARDEN        **O P I N I O N**

        et al.,

        Respondents.

**APPEARANCES**:

    GARY THOMAS DETHLEFS, pro se,
    #20177-038
    F.C.I Fort Dix
    Fort Dix, New Jersey 08640

**SIMANDLE**, District Judge:

This matter is before the Court on Petitioner's Motion for Reconsideration of the Court's Order of May 17, 2006 (hereinafter "May Order"), in which the Court denied Petitioner's habeas corpus petition. Petitioner filed his motion for reconsideration (hereinafter "Motion") on June 7, 2006.[1]

Having considered the motion pursuant to Fed. R. Civ. P. 78, the Court will deny the motion for reconsideration.

---

[1] It appears to have been signed by the petitioner on March 30, 2006.

**BACKGROUND**

On April 12, 1999, Petitioner was convicted by the United States District Court for the District of Maine, see Pet. §§ 1-5, and consequently appealed his conviction to the United States Court of Appeals for the First Circuit on the date unspecified by Petitioner. See id. § 7. Petitioner did not file a motion under 28 U.S.C. § 2255. In his Petition, Petitioner (1) challenged his conviction and sentence under various provisions and holdings, including the holding reached by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005) (hereinafter "Booker Claim"), see id. at 3 ("[Petitioner] is detained [in] violation of Article I § Bill of Attainder [sic.], . . . Amendments Five and denial of jury findings . . . causing imprisonment illegal . . . . Petitioner is entitled to immediate release"), see also Mem. 2 (discussing the Booker aspect of Petitioner's challenge); and (2) asserted violation of Petitioner's civil rights. See id. ("Applicant reserves all rights that relate or found this application under the belief that such are best reserved due to not having access to legal reference materials in prison on par with those answering this application").

In its May Order, this Court pointed out the limitations of § 2241, explaining to Petitioner that "§ 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is

'inadequate or ineffective' to test the legality of the petitioner's detention." Docket No. 5, at 4-5.  This Court further clarified that "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 5 (quoting Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  Finally, the Court pointed out that, with respect to his Booker Claim, "Petitioner cannot rely on the holding of Booker in a § 2255 motion because Booker has not been made retroactive to cases on collateral review by the Supreme Court."  Id. at 10-11 (citing In re Olopade, 403 F.3d 159 (3d Cir. 2005); see also Tyler v. Cain, 533 U.S. 656 (2001); In re Turner, 267 F.3d 225 (3d Cir. 2001)).

In response, Petitioner filed the instant Motion.  The Motion, a nine-page single-spaced document, is a listing of citations and arguments aiming to express Petitioner's disappointment with the current state of jurisprudence in the United States.  The Motion opens with Petitioner's opinion that this Court's May Order "basically rambles on about how the Court has no jurisdiction under 28 U.S.C. § 2241 and that [Petitioner] should file under 28 U.S.C. § 2255[; and that] this reasoning is defective in so many ways

3

[that] it would [be] hard [for Petitioner] to put them all here." Mot. at 1.

Having made this statement, Petitioner proceeds to declare that "ALL sentencing 'case law' . . . is now 'VOID,'" id. (emphasis in original), and that, if "the court says it has no jurisdiction under 28 U.S.C. § 2241, [this] is totally wrong [because] jurisdictional claims may not be defaulted, [and Petitioner] need not show 'cause' to justify his failure to [raise § 2255] claims." Id. at 1-2.  Petitioner proceeds with (1) a discussion of "History of Public Law 80-772," and (2) an instruction as to how the legal sources should be treated, noting that

> [t]he cases in the [May] Opinion in which the court[,] through [the] Judge[,] . . . site, as not only being "VOID" since November 1, 1987[,] to January 12, 2005, they are all based on the fradulent 14th Amendment, that was never ratified among the many problems with it. Petitioner[] is not a 14th Amendment Citizen. [Petitioner] is a national of the country of Connecticut, currently [he is] a[] New Jersey national. [Petitioner is] a[n] American National, not a United States citizen.

Id. at 3 (emphasis in original).

After claiming that "[i]n 1988[,] Congress passed the Admiralty Jurisdiction Expansion Act which merged the Criminal, Civil Equity and Probate Courts into the Admiralty Court," id., Petitioner's Motion provides this Court with Petitioner's view about the court system in the United States, ensuing judicial moral duties and a reassessment which is due as to the value of case law, id. at 4-5, and closes with Petitioner's statement that he "DEMANDS

4

that this MOTION . . . be GRANTED [and,] if this Motion is denied [this Court should] consider this [Motion] a 'NOTICE OF APPEAL.'" Id. at 9 (capitalization in original).

## DISCUSSION

### A.   Timeliness

The Federal Rules of Civil Procedure, Rule 59(e), states, "any motion to alter or amend a judgment shall be filed not later than 10 days after the entry of the judgment."  Similarly, Local Civil Rule 7.1(i) directs, "a motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Therefore, a petitioner may move for reconsideration within ten days of the entry of judgment.

In the instant case, the Court's Order denying Petitioner's requested habeas corpus relief was entered on May 17, 2006.  The Court did not receive notice of the instant motion for reconsideration until June 7, 2006 (and the Motion was signed on June 4, 2006).  The tenth business day after May 17, 2006 was June 1, 2006.  Therefore, Petitioner's motion for reconsideration should be dismissed as untimely.

### B.   Merits of Motion

Alternatively, even if deemed timely in light of Petitioner's confinement in prison which can sometimes cause delays in delivery

of mail, Petitioner's motion is also subject to dismissal on its merits.  Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process. Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."  Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner disagrees with the current legal system and this Court's conclusions based on that system of laws. Petitioner neither cites manifest errors of law or fact by this Court, nor offers new evidence or intervening changes in prevailing law.  Therefore, this Court has no reason to grant Petitioner's Motion.  See Bermingham, 820 F. Supp. at 859.

## CONCLUSION

For the reasons set forth above, Petitioner's motion, filed pursuant to Fed. R. Civ. P. 59(e) and Local Civ. R. 7.1(g), for reconsideration of the Court's Order of February 28, 2006, is hereby denied.

An appropriate Order accompanies this Opinion.

                                **s/ Jerome B. Simandle**
                                    **JEROME B. SIMANDLE**
                              **United States District Judge**

Dated:     **June 16, 2006**